RENDERED: APRIL 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0002-MR

TANYQUA OLIVER                                                    APPELLANT


v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE TRACY E. DAVIS, JUDGE
ACTION NO. 23-CI-006149


BTI, LLC                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: Tanyqua Oliver ("Oliver") appeals from the Jefferson Circuit Court's order dismissing Oliver's petition for injunctive relief against BTI, LLC ("BTI"). The court based its dismissal on Kentucky Rule of Civil Procedure ("CR") 41.02(1) due to Oliver's failure to comply with the circuit court's orders requiring her to pay rent into an escrow account. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2023, Oliver filed a *pro se* "Civil Complaint: Emergency Petition for Injunctive Relief" (the "Petition") against BTI as the owners of the rental property Oliver was leasing. In the Petition, Oliver requested that the circuit court order BTI to perform remedial repairs to address alleged moisture and mold issues at the rental property where Oliver lived. Oliver also requested that the circuit court "[reduce] the rent to zero from 14 days after the defendant received written notice of the repairs demanded on August 16, 2023 . . . until the repairs are completed[.]" Finally, Oliver requested that the circuit court prohibit BTI from any retaliatory actions.

The circuit court held a hearing on Oliver's petition on October 19, 2023. Following the October 19th hearing, the court entered an order on October 20, 2023, which, among other things, ordered that BTI update the court regarding the status of BTI's mold remediation efforts, refrain from engaging in any retaliatory conduct against Oliver, and provide Oliver with a receipt for her August 2023 rental payment within five (5) days of the order's entry. The court's October 20th order further provided, in part, that:

> Pending further Order of Court, [Oliver] shall pay past
> due rent for the months of September and October 2023,
> and all future rents, as they become owing and due in
> each succeeding month, to the circuit court clerk, who
> shall hold the same in escrow to be distributed by Court
> order when a final judgment is rendered herein. Plaintiff

> shall make her rental payments to David L. Nicholson. Circuit Court Clerk, Attn. Samantha, 700 W. Jefferson Street, Ste. 220, Louisville, KY 40202. Plaintiff is encouraged to include "rent" the month for which the payment is made, and this Case No. [23-CI-006149] on the memo line of any instrument.

The circuit court discussed this requirement with Oliver during the October 19th hearing, and Oliver did not object. Additionally, the circuit court scheduled a status review hearing for November 16, 2023.[1]

When it came to the court's attention that Oliver was not paying her rent to the circuit court clerk's office as previously ordered, the court entered a second order on November 22, 2023. This order provided that:

> WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff, Tanyqua Oliver, shall pay her rental payments for the months of September, October, and November 2023, and December 2023, if it is contractually due and owing, to the circuit court clerk as directed, **within ten (10) days of the date of entry hereof**.
>
> IT IS FURTHER ORDERED that *Plaintiff's failure to comply with the terms hereof, may be treated as contempt and/or justify the Defendant's moving for dismissal of the above-styled and numbered action pursuant to CR 41.02(1).*

---

[1] The court could not ultimately address the substance of the November 16, 2023, hearing, as it was required to hold Oliver in contempt for her behavior during the hearing. This behavior included Oliver refusing to sit when the court requested that she do so and becoming so combative that sheriffs had to escort her to a holding cell for the duration of the hearing.

(Italicized emphasis added.)

On November 29, 2023, BTI filed a notice with the court indicating that it had hired HomeMD Inspection Services, LLC ("HomeMD") on October 23, 2023, to take air samples from the property. Home MD took three samples, and the results indicated no elevated levels of mold at the property and, therefore, no repairs or remediation were needed.

On December 1, 2023, Oliver filed a motion to vacate the court's November 22nd order under CR 59.05. The circuit court held a hearing on December 6, 2023, where the court orally denied Oliver's motion to vacate. Additionally, BTI moved to dismiss Oliver's petition under CR 41.02(1) because Oliver had not complied with the court's orders entered on October 20th or November 22nd. Oliver argued that her obligation to pay her rent, both contractually under the terms of her lease and as ordered by the court, had been "abated" under Kentucky Revised Statute ("KRS") 383.630(1).

On December 12, 2023, the circuit court entered an order granting BTI's motion to dismiss under CR 41.02(1) and dismissing the Petition with prejudice. This appeal followed.

We will discuss further facts as they become relevant.

# ANALYSIS

## 1. Standard of Review

An appellate court reviews dismissals under CR 41.02 for abuse of discretion. *Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009) (footnote citation omitted). Under this standard of review, we will reverse the trial court's dismissal only if it "was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted).

## 2. Discussion

As a preliminary matter, we note that BTI did not file a responsive brief. Under Kentucky Rules of Appellate Procedure ("RAP") 31(H)(3):

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

Pursuant to that rule, we accept Oliver's statement of the facts and issues as correct.

On appeal, Oliver contends the circuit court committed reversible error by dismissing her claim under CR 41.02. CR 41.02 states, in part, as follows:

> (1) For failure of the plaintiff to prosecute or to comply with these rules *or any order of the court*, a defendant

-5-

> may move for dismissal of an action or of any claim against him.

(Emphasis added.) As previously discussed, a circuit court's choice to dismiss under CR 41.02 is wholly discretionary and will not be disturbed on appeal absent a clear abuse of discretion. *Jaroszewski*, 297 S.W.3d at 32.

Here, the circuit court dismissed this action for Oliver's noncompliance with the court's orders, and the record fully supports the court's dismissal. Oliver consistently failed to abide by the court's orders and did not offer any sufficient justification for not doing so. Considering the totality of the record, the circuit court was left with few options and dismissal was proper. When a party repeatedly fails to respond to court orders, it is within the court's discretion to dismiss the action under CR 41.02.

## CONCLUSION

For the foregoing reasons, we affirm the Jefferson Circuit Court's order dismissing the Petition.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Tanyqua Oliver, *pro se*
Lexington, Kentucky

-6-